IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KEEBLE DONALE WALKER,        )
                                      )
                                      )
            **Plaintiff,**            )
                                      )
**v.**                                   )         **Case No. CIV-10-477-JHP**
                                      )
                                      )
**GANNETT, MUSKOGEE DAILY**    )
**PHOENIX, and BENNEY LONSDAL,**  )
                                      )
            **Defendants.**      )

## OPINION AND ORDER

Plaintiff, Keeble Donale Walker ("Walker"), filed a Complaint in this case on December 15, 2010. Docket No. 1. After the filing of an Amended Complaint and an Amended Motion for Leave to Proceed *In Forma Pauperis* (Docket Nos. 3-4), the Court granted the Amended Motion for Leave to Proceed *In Forma Pauperis* and DISMISSED this case for lack of subject matter jurisdiction (Docket No. 5). Judgment was entered against Walker. Docket No. 6.

Since December 15, 2010, Keeble Donale Walker ("Walker") has filed ten civil cases in the District Court for the Eastern District of Oklahoma. Walker also filed one civil case in 1993. *In Forma Pauperis* has been granted in seven cases. It has been denied in four cases.[1]

In the 11 cases:

        2 - Dismissed as frivolous
        2 - Dismissed for failure to state a claim
        4 - Dismissed for lack of subject matter jurisdiction
        3 - Dismissed for failure to pay filing fees after denial of *In Forma Pauperis* motions

---

[1]*See* Attachment, listing the cases filed by Walker in this Court.

Additionally, twenty separate defendants have been named in these eleven cases. A number of these defendants have been named as defendants in multiple cases; at least one defendant was named four times.[2]

Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing restrictions under appropriate circumstances. See *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1994); *Andrews v. Heaton*, 483 F.3 1070 (10th Cir. 2007); *Springer v. Internal Revenue Serv.*, 2007 WL 1252475 (10th Cir. May 1, 2007)(unpublished). Injunctions restricting further filings are appropriate where (1) the Court sets forth the litigants' lengthy and abusive history; (2) the Court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the Court's order before it is implemented. *See Tripati*, 878 F.2d at 353-54. As the Tenth Circuit stated in *Andrews*, 483 F.3d at 1077, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."

This Court has reviewed Walker's filing history in the Eastern District of Oklahoma and finds that his numerous filings, always accompanied by a motion to proceed *in forma pauperis*, have created an abusive practice. Based on Walker's previously stated filing history in the Eastern District, Walker is hereby enjoined from filing any further complaints in the United States District Court for the Eastern District of Oklahoma without first obtaining permission from the Chief Judge.

Walker is limited to filing new cases with this Court only after complying with the following procedure:

---

[2]*See* Attachment.

1.  With respect to any pro se pleading, Walker is required to submit to the Clerk of this Court, an "Application and Affidavit" for a proposed filing, with the "Proposed Pleading," attached as an exhibit. The Application and Affidavit should request permission of the Court to file the Proposed Pleading and should also contain the information detailed in paragraph two (2), below.

2.   The Application and Affidavit must contain Walker's statement, under penalty of perjury pursuant to 28 U.S.C. § 1947, in proper form, which includes:

      (a)   the legal basis for the Proposed Pleading;

      (b)   the specific factual basis for the Proposed Pleading;

      (c)   a statement that the issues raised in the Proposed Pleading have never been finally disposed of by any federal or state court and are not barred by the doctrines of res judicata or collateral estoppel;

      (d)   the identity and nature of assistance by any third person in preparing the Proposed Pleading;

      (e)   a statement that the factual allegations and/or legal arguments raised by the Proposed Pleading are

            (i)     not frivolous or made in bad faith,

            (ii)    warranted by existing law,

            (iii)   not made for an improper purpose to cause delay or needless increase in costs, and

            (iv)    not made to avoid any order of any court;

      (f)   a list of all witnesses and attachment of all documents which support the factual allegations of the Proposed Pleading; and

(g) the Proposed Pleading which Walker is requesting that the Court file (attached as an Exhibit to the Application and Affidavit).

The Application and Affidavit for Filing shall be scanned and numbered by the Clerk of the Court. However, the Application and Affidavit for Filing shall not be accepted for filing unless it is approved by Order of the Chief Judge or the Chief Judge's designee.

3. The Application and Affidavit, or any documents or pleadings submitted by Walker to the Clerk of the Court, shall be referred to a United States Magistrate Judge to determine whether the documents or proposed pleadings meet the requirements outlined in paragraph one. The Report and Recommendation of the Magistrate Judge shall be filed of record and reviewed by the Chief Judge, or by a judge designated by the Chief Judge. Walker is permitted, in accordance with the standard rules providing for objections to a Report and Recommendation, to submit an Objection to the filed Report and Recommendation. The Court Clerk shall file of record any such Objection to the Report and Recommendation in the miscellaneous case established pursuant to this General Order.

4. The Chief Judge or the Judge designated to review the Report and Recommendation shall review the Objection filed by Walker, if any, and the Report and Recommendation, and determine whether or not the Proposed Pleading, attached as an exhibit to the Application and Affidavit, or any other document submitted by Walker shall be filed. Absent the approval of the Chief Judge, or the Chief Judge's designee, the Proposed Pleading or any other submitted pleading or document (except for the Objection to the Report and Recommendation) shall not be filed. If the Chief Judge or the Chief Judge's designee approves the filing, an order shall be entered by that Judge that the Court Clerk shall file the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall also

indicate if the pleading or document should be filed in miscellaneous case established pursuant to this General Order, or if a new case number should be opened for the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall, if the pleading or document is accepted for filing, outline any filing restrictions that will remain with respect to future pleadings or documents submitted by Walker.

Walker shall have ten (10) days from the date of this Order to file a written objection, limited to fifteen pages, to this imposition of filing restrictions. *See Winslow*, 17 F.3d at 316. If no objections are filed, then the filing restriction shall take effect twenty (20) days from the date of this Order. If Walker does file an objection, then the filing restriction will not take effect until the Court rules upon the objection.

**IT IS ORDERED** that the Court hereby places filing restrictions on Keeble Donale Walker. Walker is required to follow the procedure outlined above. The Court will enter a General Order signed by all of the district judges and available to the public reiterating these procedures. Plaintiff shall have ten (10) days from the date of this Order to file an objection, limited to fifteen pages, to the Court's imposition of this filing restriction.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to provide copies of this order to all District Judges.

**IT IS SO ORDERED** this 6th day of May 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma

5

ATTACHMENT

| Case Number | Name | Date Filed | *In Forma Pauperis* Motion | Disposition |
|---|---|---|---|---|
| CV-93-771 | *Walker v. Gannett, Inc., et al.* | Oct. 7, 1993 | Granted | Dismissed prior to service |
| CV-10-476 | *Walker v. Bank One America, et al.* | Dec. 15, 2010 | Granted | Dismissed: lack of subject matter jurisdiction |
| CV-10-477 | *Walker v. Gannett, et al.* | Dec. 15, 2010 | Granted | Dismissed: lack of subject matter jurisdiction |
| CV-10-478 | *Walker v. Wal-Mart et al.* | Dec. 15, 2010 | Denied | Dismissed: failure to pay filing fees |
| CV-10-502 | *Walker v. Manufacturer of Twenty-Two Bullet Handgun* | Dec. 30, 2010 | Granted | Dismissed: lack of subject matter jurisdiction |
| CV-11-002 | *Walker v. Casino Cherokee Nation* | Jan. 3, 2011 | Granted | Dismissed: frivolous |
| CV-11-006 | *Walker v. Gannett, et al.* | Jan. 5, 2011 | Denied | Dismissed: failure to pay filing fees |
| CV- 11-007 | *Walker v. Gannett, et al.* | Jan. 5, 2011 | Granted | Dismissed: lack of subject matter jurisdiction |
| CV-11-008 | *Walker v. IHOP Pancake Restaurant 6932* | Jan. 5, 2011 | Granted | Dismissed: failure to state a claim |
| CV-11-009 | *Walker v. Taco Mayo* | Jan. 5, 2011 | Denied | Dismissed: frivolous |
| CV-11-010 | *Walker v. Golden Corral Restaurant* | Jan. 7, 2011 | Denied | Dismissed: failure to pay filing fees |